UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK
_____

MICHAEL D. MARKHAM,

                      Plaintiff,           Case # 20-cv-6039-FPG

v.                                                               DECISION AND ORDER

MATTHEW A. ROSENBAUM,[1] et al.,

                      Defendants.
_____

## INTRODUCTION

On January 17, 2020, Plaintiff Michael Markham commenced this action pursuant to 42 U.S.C. § 1983 against, *inter alia*, his ex-wife, her attorney, and New York State judges and judicial employees (collectively, "Defendants") for various due process violations arising out of his divorce litigation.[2] ECF No. 1. He seeks monetary damages and equitable relief. *Id.* at 16. Plaintiff now moves for a preliminary injunction preventing Defendants from proceeding before Defendant Acting New York State Supreme Court Justice Richard A. Dollinger to resolve support and custody issues related to the divorce proceedings. ECF No. 9. For the reasons that follow, Plaintiff's motion is DENIED.

## BACKGROUND

This federal case arises out of lengthy and contentious divorce proceedings in state court. Plaintiff claims that Defendants conspired to fabricate a trial, falsify hearings and documents, and destroy records, ultimately resulting in Plaintiff being isolated from his minor children.

According to Plaintiff, the divorce proceedings that were pending before Judge Dollinger are now completed and the matter is closed. ECF No. 9 at 4. In December 2019, Plaintiff filed a

---

[1] Incorrectly sued as Mathew A. Rosenbaum.

[2] Plaintiff brought another, related action against other individuals related to his divorce proceedings in December 2019. Case No. 19-cv-6930. That case is also pending before this Court, but the Motion for a Preliminary Injunction is only pending in this case.

1

petition for modification of support and a modification of custody visitation in New York State Family Court and hearing dates were set before a support magistrate and court referee. *Id.* On January 27, 2020, Judge Dollinger, Plaintiff's ex-wife Diane R. DeLong, and her attorney, Maureen A. Pineau, were served with the summons and complaint in this federal action. *Id.* That same day, Pineau requested and Judge Dollinger signed an order to show cause why the litigation pending in Family Court should not be moved back to Judge Dollinger in Supreme Court. *Id.* at 4-5. Judge Dollinger set a return date of March 27, 2020. *Id.* at 1.

Plaintiff filed the instant Motion for a Preliminary Injunction on February 12, 2020, to stop any state court litigation before Judge Dollinger. Essentially, he argues that because Judge Dollinger—and other parties to the state court divorce, custody, and support litigation—are Defendants in this federal action, and because the subject matter of this federal action involves the state court proceedings, Judge Dollinger cannot continue to preside over them. Plaintiff is wrong.

## DISCUSSION

"A preliminary injunction is considered an 'extraordinary remedy that should not be granted as a routine matter.'" *Distribution Sys. of Am., Inc. v. Vill. of Old Westbury*, 785 F. Supp. 347, 352 (E.D.N.Y. 1992) (quoting another source). A court may grant a motion for a preliminary injunction if the movant establishes "(1) irreparable harm and (2) either (a) a likelihood of success on the merits, or (b) sufficiently serious questions going to the merits of the claims to make them fair ground for litigation, plus a balance of the hardships tipping decidedly in favor of the moving party." *Allah v. Piccolo*, No. 16-CV-177-FPG, 2018 WL 2381886, at *2 (W.D.N.Y. May 25, 2018). Plaintiff here has not demonstrated a likelihood of success on the merits of his claim or irreparable harm and therefore he is not entitled to a preliminary injunction.

"Section 1983 suits for damages are absolutely barred against judicial actors for actions performed in their official capacities." *Hodges v. Mangano*, 28 F. App'x 75, 77 (2d Cir. 2002). Moreover, Section 1983 was amended in 1996 to extend judicial immunity to claims for injunctive relief: "in any action brought against a judicial officer for an act or omission taken in such officer's judicial capacity, injunctive relief shall not be granted unless a declaratory decree was violated or declaratory relief was unavailable." 42 U.S.C.A. § 1983. Plaintiff has not demonstrated that Judge Dollinger violated any declaratory decree or that any declaratory relief was unavailable.

Judge Dollinger's issuance of an order to show cause why the proceedings should not proceed before him is clearly within the range of conduct covered by absolute judicial immunity. Courts have routinely found state court judges immune from suit for similar conduct involving divorce and custody-related hearings and issues. *Leathersich v. Cohen*, No. 18-CV-6363, 2018 WL 3537073, at *2 (W.D.N.Y. July 23, 2018) (concluding that monetary and injunctive relief was not available against state court judge overseeing divorce proceedings because judge's acts were "all quintessential judicial functions that, even where performed incompetently or for improper purposes, cannot form the basis of a suit against the judicial officer"), *appeal dismissed*, No. 18-2600, 2019 WL 994360 (2d Cir. Jan. 30, 2019); *see Anthony Pappas for Cong. v. Lorintz*, No. CV184199JSAKT, 2019 WL 4396589, at *13 (E.D.N.Y. Aug. 2, 2019) ("As an initial matter, [plaintiff] cannot raise a viable claim against [divorce judge] because as a judicial officer, [he] is shielded from suit by absolute judicial immunity."), *Report and Recommendation adopted sub nom. Pappas v. Lorintz*, No. 2:18-CV-04199, 2019 WL 4396761 (E.D.N.Y. Aug. 26, 2019).

Plaintiff is therefore not likely to succeed on the merits of his claim. In addition, he will not suffer irreparable harm by Judge Dollinger conducting the show cause hearing. Indeed, that

hearing will determine whether the proceedings *can* proceed before Judge Dollinger. In any event, Plaintiff's remedy to remove Judge Dollinger from the case lies not here, but in state court.

## CONCLUSION

For the reasons stated above, Plaintiff's Motion for a Preliminary Injunction (ECF No. 9) is DENIED.

IT IS SO ORDERED.

Dated: February 18, 2020
      Rochester, New York

HON. FRANK P. GERACI, JR.
Chief Judge
United States District Court