UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

---

MICHAEL D. MARKHAM,

                Plaintiff,

-vs-

CYNTHIA SNODGRASS, et al

                Defendants.

**REPLY AFFIRMATION**

20-CV-6039

---

I, Timothy E. Ingersoll, an attorney admitted to practice before this Court, and the Courts of the State of New York, hereby affirm under penalty of perjury as follows:

1. I am a partner in Fero & Ingersoll, LLP and maintain offices at 2024 West Henrietta Road, Ste. 3C, Rochester, NY 14623. I am a member of the bars of the State of New York and the United States District Court for the Western District of New York and affirm the statements herein under penalty of perjury.

2. I am a named Defendant in the above captioned matter. As such, I am duly familiar with the facts and circumstances of this case.

3. I make this affirmation in opposition to the Plaintiff's motion for change of venue from the Western District of New York to the United States District Court for the District of Hawaii.

4. This 42 U.S.C. §1983 action is a continuation of Plaintiff Michael Markham's ("Plaintiff") contentious divorce and child custody proceedings in New York State court.

5. Before this Court are Plaintiff's claims for monetary damages and injunctive relief to restore plaintiff's parental rights and seeking full custody of his children. Plaintiff claims due process violations and brings suit pursuant to 42 U.S.C. §1983

against former Monroe County Supreme Court Justice Rosenbaum, current Acting Monroe County Supreme Court Justice Dollinger and a Court Attorney-Referee Snodgrass. Additionally, plaintiff brings suit against Adam Bello as Monroe County Clerk, five private attorneys (including the undersigned), a psychologist and his ex-wife.

6. This reply affirmation is interposed on behalf of the Defendant Timothy E. Ingersoll in reply and opposition to Plaintiff's Notice of Motion for Change of Venue dated April 27, 2020.

7. Plaintiff requests a transfer of venue to the United States District Court for Hawaii pursuant to 28 U.S.C. § 1404. 28 U.S.C. § 1404 which provides, "[f]or the convenience of parties and witnesses, in the interest of justice, a district court may transfer any civil action to any other district or division where it might have been brought or to any district or division to which all parties have consented."

8. A district court may consider the following factors when determining whether to grant a motion to transfer venue: "(1) the plaintiff's choice of forum, (2) the convenience of witnesses, (3) the location of relevant documents and relative ease of access to sources of proof, (4) the convenience of parties, (5) the locus of operative facts, (6) the availability of process to compel the attendance of unwilling witnesses, and (7) the relative means of the parties." New York Marine and General Ins. Co. v. Lafarge North America, 599 F.3d 102, 112 (2d Cir. 2010)(quoting D.H. Blair & Co., Inc. v. Gottdiener, 462 F.3d 95, 106-7)).

9. While Plaintiff's choice of forum is generally entitled to substantial deference, if "the balance is strongly in favor of the defendant(s)" the court may, in its discretion,

determine that venue is more appropriate in another district court. See Gross v. British Broadcasting Corp.,386 F.3d 224, 230 (2d Cir.2004).

10. Most, if not all, of the relevant factors weigh in favor of retaining this case in the Western District of New York. The Court must find that the Plaintiff has not met his burden of establishing that the factors favor transfer to Hawaii

11. First, the Plaintiff chose to file his case in the Western District of New York, Plaintiff currently resides in Hawaii which is located within the jurisdictional environs of the Hawaii District Court. The Defendants are all residents of the State of New York and are within the environs of the Federal District Court for the Western District of New York. It is also respectfully submitted that, to the knowledge of the Defendant, all of the potential witnesses for the Plaintiff and the Defendants are residents of the State of New York. Other than the Plaintiff there are no Plaintiff's witnesses known to the Defendant who are residents in the State of Hawaii. All of the relevant facts alleged by the Plaintiff took place in Monroe County, New York, also within the Western District of New York. The Defendant herein asserts that it is unlikely that any witnesses would be located outside of Monroe County and all of the relevant events took place in Monroe County. Plaintiff has failed to identify any potential facts or witnesses which occurred or are located, respectively, in the State of Hawaii.

12. Since all of the witnesses and potential witnesses reside in the State of New York the ability to compel unwilling witnesses is at issue in this case given the distance of over 4,700 miles between Honolulu, Hawaii and Rochester, New York.

13. The relative means of the parties appears to weigh against transfer, as a transfer to the State of Hawaii would require more travel on the part of all of the parties and witnesses except the Plaintiff.

14. All of the documents and proof in this case are located within the boundaries of the Western District of New York.

15. All of the operative facts occurred within the boundaries of the Western District of New York.

16. The burden of proof rests on the movant to show that a transfer is "clearly" appropriate (U.S. Fidelity and Guaranty, 800 F. Supp. at 1079) by showing that the "balance of convenience and justice weighs heavily in favor of transfer." (Somerville v. Major Exploration Inc., 576 F.Supp. 902, 908 (S.D.N.Y.1983)) (citing Richardson Greenshields Sec., Inc. v. Metz, 566 F.Supp. 131, 134 (S.D.N.Y.1983)).

17. Plaintiff does not contest that the action was properly brought in the Western District of New York. The District of New York is a proper venue for the action under both 28 U.S.C. §1391(a)(1), which makes venue proper "where any defendant resides, if all defendants reside in the same State," and §1391(a)(2), which permits venue in any "judicial district in which a substantial part of the events or omissions giving rise to the claim occurred, or a substantial part of property that is the subject of the action is situated". Clearly under the circumstances of this case venue is proper in New York. All of the Defendants are residents of New York. The private attorneys have offices and residences within the boundaries of the Western District of New York and pursuant to 28 U.S.C. §1391(c) this makes that district proper for venue. Second, all of the events that are alleged to have taken place took place within the district. Third, all of the potential

witnesses known to the Defendant reside in the district. The relevant facts make the Western District of New York a proper venue under §1391(a)(2).

18. Once the Court has considered the relevant factors, it is clear that the movant has not made a clear-cut showing that this case should be transferred. The Court should take judicial notice of the fact that the Western District of New York's Rochester courthouse and the district courthouse in Hawaii are 4,700 miles apart, making the question of venue significant and not purely academic. Moyglare Stud Farm v. Due Process Stable, Inc., 562 F.Supp. 289, 292-3 (S.D.N.Y.1983) (noting that "[a] request to transfer strikes an extremely hollow note...since the proposed transferee courthouse in Newark is located less than 20 miles from this courthouse.") Nevertheless, in almost all cases in which the short distance between two forums was used to bolster the court's denial of a transfer motion, there were multiple factors favoring either party. (See, e.g. Marino v. Kent Line International 2002 WL 31618496 (E.D.P.A.2002) (denying plaintiff's transfer of venue motion, even though the transferee district was the situs of the incidents giving rise to the complaint); Market Transition Facility of New Jersey v. Twena, 941 F.Supp. 462, 468 (D.N.J.1996) (finding disagreement over situs of dispute, and that plaintiff had place of business, and thus legitimate interest, in transferor forum)).

19. Here, every factor other than the Plaintiff's desire to have the case heard in Hawaii points to New York.

20. The Court should also consider the importance of having the case heard in the district in which it arose. Specifically, cases should be tried in a forum at home with the governing law. Since all of the acts and alleged failures to act took place in New York, it is almost unquestionably the case that New York law will govern given the choice of law

principles the Court would have to apply. (See, Royal Insurance Co. of America v. Tower Records, Inc., 2002 WL 31385815 (S.D.N.Y. 2002)). Although there is no reason to suspect that this dispute will require complex analysis of New York law as interpreted in federal court, it is apparent that this factor also points to New York as a superior venue.

21. Public interest considerations include calendar congestion, and the interests of justice and fairness. Ultimately, the concern with a calendar congestion is a concern that the parties will not be afforded a speedy trial. Cases shouldn't be transferred merely to balance case loads, or "simply to serve the court's own convenience." Fannin v. Jones, 229 F.2d. 368, 369-70 (6th Cir. 1956) (per curiam), certiorari denied 1956, 76 S.Ct. 834, 351 U.S. 938, 100 L.Ed. 1465. There is no reason to assume that any public interest consideration favors either side in this case, and the Court may deem it to be unimportant as applied here. The "interests of justice" standard also appears to favor a New York venue. It does appear that significant burdens of many sorts will be imposed upon the Defendants if the case is tried in Hawaii. If, however any interest of justice is implicated, it is that cases should generally be tried where the events giving rise to them have occurred, or where a majority of the parties involved live. In this case, both factors point to the venue in Rochester, New York.

22. All of the Defendants and witnesses are residents of the State of New York. The Plaintiff is the only resident of Hawaii. Clearly the convenience of the witnesses and the party Defendants mitigates in favor of venue remaining in New York.

23. No previous application has been made for the relief set forth herein.

24. A copy of the proposed order is attached hereto, made a part hereof, and labeled "Exhibit A".

25. I affirm under penalties of perjury under the laws of the United States of America that the foregoing is true and correct to the best of my knowledge.

WHEREFORE, Debtors respectfully pray that this Court grant an order pursuant to pursuant to 28 U.S.C. § 1404. 28 U.S.C. § 1404 denying the Plaintiff's motion for a change of venue, and grant such further, other, and different relief as to this Court may be just and proper.

Dated: May 6, 2020.

Timothy E. Ingersoll

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

MICHAEL D. MARKHAM,

                        Plaintiff,                    **ORDER**

            -vs-                            **20-CV-6039**

CYNTHIA SNODGRASS, et al

                        Defendants.

      Upon reading the Plaintiff's motion for change of venue from the Western District of New York to the United States District Court for the District of Hawaii and the exhibits attached thereto and upon the Reply Affirmation of Timothy E. Ingersoll, Esq. dated the 6th day of May, 2020 submitted in opposition thereto, and proper proof of service having been filed with respect to the Plaintiff, Michael D. Markham, as well as the other Defendants; and, this matter having come before the Court on _____, 2020, and, after due deliberation, it is hereby

      **ORDERED**, that the motion be, and the same is hereby, denied.

Dated: _____, 2020.
       Rochester, New York

                                                Hon.
                                                *U.S. District Court Judge*

ENTER.

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

MICHAEL D. MARKHAM,

                              Plaintiff,          CERTIFICATE OF SERVICE
                -vs-                                      20-CV-6039

CYNTHIA SNODGRASS, et al

                              Defendants.

## CERTIFICATE OF SERVICE

**IT IS HEREBY CERTIFIED** that on May 6, 2020, I served a true copy of the Reply Affirmation by mailing the same in a sealed envelope, with postage pre-paid thereon, in an official depository of the U.S. Postal Service within the State of New York addressed to those persons whose names are set forth on this page.

       Mr. Michael D. Markham
       1010 Front Street B101
       Lahaina, Hawaii 96761

Dated: May 6, 2020
       Rochester, New York

                                                  Timothy E. Ingersoll, Esq.
                                                FERO & INGERSOLL, LLP
                                                2024 West Henrietta Rd., Ste. 3C
                                                Rochester, NY 14623
                                                Tel.: (585) 325-4600